

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

August 4, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-477

Re: Whether the First
Assistants and Chief
Deputies in the various
State offices and
departments are entitled
to reimbursement for
their actual meals,
lodging and incidental
expenses while travel-
ing on official business
either in or out of the

Dear Mr. Calvert:                    State of Texas.

        You have requested an opinion from this department
on the question as hereinafter stated:

        Whether the First Assistants and Chief Deputies
    in the various State offices and departments are
    entitled to reimbursement for their actual meals,
    lodging and incidental expenses while traveling
    on official business either in or out of the
    State of Texas.

        In connection with this request, I quote from your
letter the following:

        "In this connection I invite your attention
    to subsection (a) of Section 17, Article V of
    House Bill 86, Acts 56th Legislature, Biennial
    Appropriation Bill from September 1, 1963 to
    August 31, 1965, both dates inclusive, which
    reads as follows:

        'Executive heads of State agencies,
    including the Executive Director of the
    Legislative Council, shall be reimbursed for
    their actual meals, lodging and incidental
    expenses when traveling on official business
    either in or out of the State.'

-2259-

"Also I want to call your attention to
subsection (a) of Section 17, Article V of
House Bill 12, Acts 59th Legislature, Biennial
Appropriation Bill from September 1, 1965 to
August 31, 1967, which reads as follows:

'Executive heads of State agencies,
including the Executive Director of the
Legislative Council, shall be reimbursed for
their actual meals, lodging and incidental
expenses when traveling on official business
either in or out of the State.'

"Further, I invite your attention to Section
2 of the Travel Regulations Act of 1959, Codified
as Article 6823a of Vernon's Civil Statutes, which
provides:

'The provisions of this Act shall apply to
all officers, heads of state agencies, and
state employees. The provisions of this Act
shall not apply to judges and other judicial
employees paid by the state, counties or other
political subdivisions pursuant to law. Heads
of state agencies shall mean elected state
officials, excluding members of the Legislature
who shall receive travel reimbursement as pro-
vided by the Constitution, appointed state
officials, appointed state officials whose
appointment is subject to Senate confirmation,
directors of legislative interim committees or
boards, heads of state hospitals and special
schools, and heads of state institutions of
higher education.' (Emphasis added)

"I have no difficulty in determining that
elected State officials and appointed State
officials who are confirmed by the Senate are
entitled to reimbursement for their actual meals,
lodging and incidental expenses; however, in view
of the fact that the Travel Regulations Act of 1959,
as amended, also defines heads of State agencies
to include 'appointed State officials,' I am desirous
of securing your opinion as above stated on whether
this terminology should be construed as including
the First Assistants and Chief Deputies in the
various State Offices, Departments and Agencies.
It is my understanding that these officials take
the official oath of office, and in most cases,

they have complete authority to function in the
absence or inability of the particular office
holder."

Article 4340, Revised Civil Statutes of Texas,
provides in part as follows:

"The office of Chief Clerk to the Secretary
of State is hereby abolished, and the office of
Assistant Secretary of State is hereby created.
The Assistant Secretary of State shall be an
attorney-at-law, and he shall have had at least
five (5) years actual practice in this State
prior to his appointment and shall perform all
the duties required by law to be performed
by the Secretary of State when the said Secretary
of State is absent or unable to act for any reason.
. . . The said Assistant Secretary of State shall
serve as such so long as the Secretary of State
appointing him is in office."

Article 4412, Revised Civil Statutes, of Texas, pro-
vides:

"In case of the absence or inability of the
Attorney General to act, the first office assistant
of the Attorney General shall discharge the duties
which devolve by law upon the Attorney General."

Article 4352, Revised Civil Statutes of Texas,
provides:

"The Comptroller shall appoint a chief clerk,
who shall take the official oath and give bond in
the sum of ten thousand dollars payable in like
manner as the bond of the Comptroller, conditioned
for the faithful performance of his duties. Said
clerk shall perform the duties of the Comptroller
when the Comptroller may be unavoidably absent
or incapable, from sickness or other cause, to
discharge said duties, . . ."

The above Statutes are set out to point out a few
of the Statutes creating the offices of Assistants and Chief
Clerks.

In the case of Pfeffer v. Mahnke, 260 S.W. 1031
(Tex.Com.App. 1924), in discussing Articles 4318 and 4319,

Revised Civil Statutes of Texas, which is now Article 4340, and Article 4343, which is now Article 4352 of the Revised Civil Statutes of Texas, the Court said:

"...

"It is observed that articles 4318 and 4343, respectively, require that the secretary of state and the comptroller shall each appoint a chief clerk. It is not optional with either to appoint or not appoint such chief clerk. The statute is mandatory in providing for a chief clerk for each. The offices of chief clerk of each is thus created by statute. It is likewise observed that the statutes provide that, in the absence of the secretary of state, or his inability to act from any cause, the chief clerk may perform all the duties required by law of that officer, and that it shall be the duty of the chief clerk of the comptroller to discharge the duties of the comptroller when he may be unavoidably absent or incapable from sickness, or other causes, to discharge said duties.

"The service of the secretary of state and the comptroller on the board of education is the performance by each of a duty attached by the statute to the office held by each. The duties are not personal. They are duties attached to the offices. Any holder of the office of secretary of state or comptroller must serve as a member of the board of education as a part of the duties of those offices respectively. Since the statutes provide that the chief clerks may respectively perform the duties attaching to those offices, the chief clerks may, in the contingencies mentioned in the statutes, perform the particular duties attaching to the offices of secretary of state and comptroller by virtue of the statutes making them members of the board of education. In such cases the chief clerks do not perform those duties by delegation of authority from their chiefs. They perform them by virtue of authority of the Legislature in the same way that their chiefs are authorized to perform them. The Legislature could have provided that, in the absence, etc., of the secretary of state and

comptroller, the chief clerks of either or each should be members of the board of education. The Legislature has done the same thing in a different way by prescribing that the chief clerks provided by statute shall and may, in the absence of the secretary of state and the comptroller, perform the duties of those officers, among which are duties arising from their membership on the state board of education. Thus the chief clerks are officers provided by statute, and authorized by statute, to perform the duties attaching to the officers of secretary of state and comptroller, making those officers members of the board of education. The full authority of the chief clerks thus to act arises from the acts of the Legislature investing them with such authority when the contingencies mentioned in the statutes arise. There is no delegation of authority to the chief clerks by the secretary of state and the comptroller. In truth and in fact, the secretary of state and the comptroller are impotent to prevent the chief clerks from thus performing the duties of those offices in the contingencies of the statutes authorizing them to act. The chief clerks have the same authority to perform the duties of those offices in those contingencies that the secretary of state and comptroller have to perform them at all other times--the authority of the Legislature. <u>The chief clerks are public officers in the same sense and created by the same legal authority as other statutory officers of the state.</u>

". . ." (Emphasis added)

The foregoing case authority makes it clear that where a statute authorizes the designation of someone to exercise the powers and carry out the functions of a state office in the absence or inability to perform of the person holding such office, the person so designated to act derives his authority, not by delegation from the officer he holds under, but, directly from the Legislature, and is, therefore, a public officer of this State.

It therefore follows that when an individual is designated as first assistant, chief deputy, or by whatever title, to a State office, pursuant to a statute whereby such person has the statutory authority to act for such office, he is an "appointed state official" as that term is used in the definition of "heads of state agencies" set forth in Section 2 of Article 6823a of Vernon's Civil Statutes.

It is therefore the opinion of this office that any first assistant, chief deputy, or by whatever title known, of the various State offices, departments and agencies, who are authorized by statute to act for such office, department or agency in the absence of, illness or inability to act of the head of such office, department or agency, is an appointed State official, and such appointed State official would be entitled to reimbursement for their actual meals, lodging and incidental expenses while traveling on official business either in or out of the State of Texas.

## SUMMARY

First Assistants and Chief Deputies in the various State offices and departments, who are authorized by statute to act for such office or department in the absence of, illness or inability to act of the head of such office or department, is an appointed State official, and would be entitled to reimbursement for his actual meals, lodging and incidental expenses while traveling on official business, either in or out of the State of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John H. Banks
John H. Banks
Assistant

JHB:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Phillip Crawford
Arthur Sandlin
Roy B. Johnson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright